Christopher Kelly (*pro hac vice* to be filed)
Adrienne J. Kosak (*pro hac vice* to be filed)
Rebecca L. Saitta (*pro hac vice* to be filed)
WILEY REIN LLP
2050 M St NW
Washington, DC 20036
Telephone: 202.719.7000
Facsimile: 202.719.7049
Email: ckelly@wiley.law
         akosak@wiley.law
         rsaitta@wiley.law

Chad C. Butterfield
Nevada Bar No. 10532
JACKSON LEWIS P.C.
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: 702.921-2460
Facsimile: 702.921-2461
Email: chad.butterfield@jacksonlewis.com

*Attorneys for Plaintiff Eden Foods, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EDEN FOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>EDEN HOLISTICS LLC and RICHARD FRIED,<br>Defendants. | Case No.: |

## **COMPLAINT**

1.      This complaint asserts claims for breach of contract, trademark infringement, unfair competition, and trade name infringement, arising under the Federal Trademark Act, 60 Stat. 427, 15 U.S.C. § 1051 *et seq.*, and the common law and statutes of the State of Nevada.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

**Parties**

2. Eden Foods, Inc. ("Plaintiff") is a corporation organized under the laws of the State of Michigan, having its principal place of business at 701 Tecumseh Road, Clinton, Michigan 49236.

3. Defendant Eden Holistics LLC ("Eden Holistics") is a limited liability company organized under the laws of the State of Nevada, having its principal place of business at 6290 McLeod Drive, #110, Las Vegas, Nevada, 89120.

4. On information and belief, Defendant Richard Fried ("Mr. Fried" and together with Eden Holistics, the "Defendants") is a citizen of Nevada residing at 5075 Eldora Avenue, Apt. 2, Las Vegas, NV 89146. According to information on file with the Nevada Secretary of State, Mr. Fried is the managing member and sole officer of Eden Holistics.[1]

5. On information and belief, Eden Holistics is the true registrant of the domain name EdenHolistics.com, and controls the website at that domain. On information and belief, Eden Holistics uses the privacy service Domains By Proxy, LLC to conceal its registration and ownership of the EdenHolistics.com domain name.

**Jurisdiction**

6. Eden Holistics is headquartered in Nevada, transacts business in Nevada, and, on information and belief, engages in a persistent course of conduct in Nevada, and reasonably should expect its actions to have legal consequences in Nevada. Mr. Fried is believed to be a resident of Nevada and the sole officer and managing member of Eden Holistics.

7. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1338 and/or 1367.

---

[1] According to information publicly available through the with Nevada Secretary of State website, "Richard Frieo" is identified as the managing member of Eden Holistics. On information and belief, the reference to "Richard Frieo" is intended to refer to Richard Fried.

-2-

8.      This Court also has jurisdiction of the subject matter and the parties under 28 U.S.C. § 1332, given that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

9.      On information and belief, Defendants transact business in this Judicial District, and accordingly Plaintiff believes venue in this Judicial District is proper under 28 U.S.C. § 1391.

## A Brief History of Eden Foods

10.      Plaintiff is a leading producer of natural and organic food and beverage products and supplement food products, all marketed under a protected family of EDEN trademarks that are registered with the United States Patent and Trademark Office. Currently, Plaintiff offers over 300 products under the family of EDEN trademarks.  Plaintiff and its EDEN-branded products are well known to consumers, and have earned significant gratuitous publicity including winning numerous awards.

11.      Long prior to the acts complained of herein, Plaintiff commenced use of the inherently distinctive word EDEN, alone and in combination with other words and/or a distinctive Fern Design, as a trademark in the United States for a wide variety of food products, including natural and organic foods and beverages, as well as food- and beverage-related products and services, and Plaintiff has continuously used said mark on or in connection with such goods and services, and in the advertising and sale thereof, in interstate commerce since as early as 1967.

12.      Plaintiff's EDEN products are sold throughout the United States through a variety of retail outlets, including: national and regional supermarket chains such as Safeway, Kroger, Whole Foods, Publix, Albertsons, Harris Teeter and Walmart; local grocery stores; food cooperatives; health food stores; convenience stores; and department stores.  Plaintiff's EDEN products are also available through mail order outlets and via the Internet through Plaintiff's website accessible at <edenfoods.com>, as well as through other online retailers.

13.      Plaintiff extensively advertises and promotes its EDEN family of products and services through a variety of means including printed publications, distribution of printed promotional materials, and via the Internet. Eden Foods' annual expenditures for advertising and

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

marketing activities are in the millions of dollars. Plaintiff's EDEN products also are the subject of a large amount of gratuitous, positive publicity.

14. Plaintiff's annual retail sales of EDEN products in the United States have consistently exceeded One Hundred Million Dollars ($100,000,000) for a number of years.

15. Plaintiff was founded to provide consumers with the highest quality health foods available, particularly foods grown without the use of chemical herbicides, pesticides, and caustic fertilizers, known to some as "macrobiotic" foods. As early as 1969, Plaintiff was known as a pioneer in the development of organic food certification standards in the United States.  In the early 1970s, Plaintiff researched organic growing techniques used by farmers in Europe and introduced these techniques to growers in the United States. Because of Plaintiff's commitment to product integrity, Plaintiff's EDEN family of health foods are recognized throughout the food and health industries as being of the highest quality.

16. Among Plaintiff's healthful offerings are numerous products used to supplement the diet. These products include Plaintiff's ume plum and kombu products. Plaintiff has also marketed products including orally ingested enzymes, minerals, vitamins, and food digestion tablets in the past.

17. One of Plaintiff's most plentiful categories of products is its tea products. Plaintiff offers many tea and tea-related products under the family of EDEN marks, including: green tea; herbal tea; chai tea; lotus root tea powder; matcha powder; whisks, bowls, and spoons for use with matcha powder; and gift baskets combining its tea products with accessories such as tea infusers, mugs, and canvas bags.

**The Family of EDEN Trademarks**

18. Plaintiff has used an assortment of EDEN-formative marks to market its goods and services.  These marks include EDEN standing alone, EDEN FOODS, EDENSOY, EDENEWS, EDEN STORE, and EDEN ORGANIC.

19. As a result of Plaintiff's extensive and substantial advertising and sales of products under the family of EDEN trademarks and the maintenance of premium quality standards relating

Wiley Rein LLP
2050 M St NW
Washington, DC 20036

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

thereto, said marks are well and favorably known to the general public throughout the United States as a distinctive indication of origin and had become famous long prior to Defendants' first use of the mark EDEN HOLISTICS, which is the subject of this civil action.

20.    By virtue of Plaintiff's longstanding and continuous use of the family of EDEN formative marks in U.S. Commerce in association with its food- and beverage-related products and services, Plaintiff is entitled to broad common law trademark rights in the marks.

21.    In addition to its common law trademark rights, Plaintiff possesses statutory trademark rights by virtue of its ownership of subsisting U.S. trademark registrations for the EDEN family of marks.

22.    Plaintiff duly registered EDENSOY as a trademark in the USPTO under Registration No. 1,440,754, which issued May 26, 1987, and has been duly renewed and now covers soybean based food beverages.

23.    Plaintiff duly registered EDEN as a trademark for the following food and beverage products in the USPTO under Registration No. 1,452,337, which issued August 11, 1987, and has been duly renewed and now covers the following products:

- Pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, olive oil, safflower oil, sesame oil; and snack foods consisting of processed nuts, processed seeds, and dried fruits.

- Processed grains, namely, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and spinach noodles, wheat, and buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs.

- Unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; and unprocessed sea vegetables, namely sea weed.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

24. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 1,862,634, which issued November 15, 1994, and has been duly renewed and now covers the following products:

- Vegetable oils, crushed tomatoes, sauerkraut, and processed can beans.

- Pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu.

- Unprocessed grains; namely, barley, wheat, and quinoa.

25. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 2,229,053, which issued March 2, 1999, and has been duly renewed and now covers fruit butter, fruit sauce and fruit juice.

26. Plaintiff duly registered EDEN ORGANIC & Fern Design as a trademark for the following food and beverage products in the USPTO under Registration No. 2,272,652, which issued August 24, 1999, and has been duly renewed and now covers the following products:

- Vegetable oils; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts, and seeds; and dried fruits.

- Rice; pasta and noodles; breakfast cereals; vinegar; sauces and soy sauce.

27. Plaintiff duly registered EDEN as a trademark with the USPTO under Registration No. 2,503,977, which issued November 6, 2001, and has been duly renewed and now covers dietary food supplements, namely, edible Kombu root seaweed and ume plum concentrate.

28. Plaintiff duly registered EDENEWS as a trademark with the USPTO under Registration No. 2,905,671, which issued November 30, 2004, and has been duly renewed and now covers newsletters in the field of food and food-related topics, nutrition, health and diet, farming, and agricultural and environmental issues.

29. Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 2,977,773, which issued July 26, 2005, and has been duly renewed and now covers processed popcorn for popping.

30.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 3,102,575, which issued June 13, 2006, and has been duly renewed and now covers dried cherries.

31.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,065,063, which issued on December 6, 2011, and has been duly renewed, and covers providing recipes and information in the field of cooking and food preparation, and providing information in the field of health, nutrition, diet, beauty, and organic farming techniques.

32.     Plaintiff duly registered EDENEWS as a trademark in the USPTO under Registration No. 4,171,490, which issued on July 10, 2012, and has been duly renewed, and covers downloadable electronic newsletters in the field of food and food-related topics, nutrition, health and diet, farming, and agricultural and environmental issues.

33.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,264,570, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line stores featuring food and beverage products.

34.     Plaintiff duly registered EDEN STORE as a trademark in the USPTO under Registration No. 4,264,567, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line store featuring food and beverage products.

35.     Plaintiff duly registered EDEN ORGANIC as a trademark in the USPTO under Registration No. 4,272,392, which issued on January 8, 2013, and has been duly renewed, and covers organic processed beans; organic processed fruits; organic food seasonings; organic popcorn, organic tea; organic food starches; organic food flavorings.

36.     Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 4,272,393, which issued on January 8, 2013, and has been duly renewed, and covers processed beans; processed fruits; processed tomatoes and crackers; entrees and side dishes consisting primarily of rice and beans.

37.     Plaintiff duly registered EDEN RECIPES as a trademark in the USPTO under Registration No. 4,336,312, which issued on May 14, 2013, and has been duly renewed, and covers

Wiley Rein LLP
2050 M St NW
Washington, DC 20036

downloadable software in the nature of an application for obtaining news and information in the field of food and food related topics, nutrition, health, and diet and related textual, audio and video content on mobile and stationary electronic devices.

38.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,431,041, which issued on November 12, 2013, and has been duly renewed, and covers the following products:

- tooth powder; dietary food supplements and nutritional supplement concentrates; sushi mats; processed vegetables; chili; processed mushrooms; raisins; tofu; vegetable based food beverages; prepared entrees consisting primarily of beans with rice and other side dishes; Umeboshi plum paste; grain based food beverages; natural food sweeteners; arrowroot for use as a food thickener; rice; Ponzu sauce; prepared entrees consisting primarily of rice with beans and other side dishes; edible spices; concentrates for making non-alcoholic beverages; and cooking wine.

39.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 5,189,572, which issued April 25, 2017, and covers instant miso soup and muesli.

40.     Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 5,189,573, which issued April 25, 2017, and covers instant miso soup.

41.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 5,608,452, which issued on November 13, 2018, and covers tahini and black sesame butter.

42.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 6,138,923, which issued September 1, 2020, and covers the following products:

- gift baskets and bags primarily containing soup and also including a ceramic soup cup; gift baskets and bags primarily containing fruit butters, fruit sauces and dried fruits; processed seeds for snacking; processed beans;

- gift baskets and bags primarily containing tea powder and also including a whisk, spoon, and bowl; gift baskets and bags primarily containing organic teas and also including an infuser spoon and mug; gift baskets and bags primarily containing popcorn and also including a popcorn bowl; pasta and pasta sauce; processed seeds for use as seasoning; condiments, namely, ketchup, mustard, and mayonnaise.

Wiley Rein LLP
2050 M St NW
Washington, DC 20036

-8-

43. Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 6,637,479, which issued February 8, 2022, and covers canvas shopping bags; tote bags; and lunch bags not of paper.

44. Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 5,968,440, 6,138,923 and 6,637,479 are *prima facie* evidence of the validity and exclusive right to use of the mark EDEN, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072. As the right to use the mark EDEN, alone and in combination with other word and designs, has become incontestable, Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, and 5,189,573 are conclusive evidence of Plaintiff's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b). True copies of USPTO records reflecting Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 5,968,440, 6,138,923, and 6,637,479 are attached hereto as Exhibit A and made a part hereof.

## Defendants' Willful Infringement

45. Notwithstanding Plaintiff's well-known and prior-established rights in the mark EDEN in various forms for food and beverage products, Eden Holistics, at Mr. Fried's direction and/or with his authorization and/or participation, is using the EDEN formative mark as part of its trademark EDEN HOLISTICS, as well as its trade name, Eden Holistics LLC.

46. The EDEN HOLISTICS trademark and trade name entirely incorporate Plaintiff's protected EDEN mark, with insubstantial additions of descriptive terms.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

47. On information and belief, Defendant began using the mark EDEN HOLISTICS no earlier than 2018.

48. Defendant is marketing numerous products under the EDEN HOLISTICS mark, purportedly to enhance health and wellness. The products sold under the EDEN HOLISTICS mark include edible gummies, tinctures, and teas, dog treats, and various topical products. These products are marketed as being "pure & potent" and providing for "optimal wellness."

49. Defendant is also using Plaintiff's EDEN mark as part of Eden Holistics' domain name, EdenHolistics.com. The site to which the domain resolves uses the EDEN HOLISTICS mark numerous times, for marketing and e-commerce of its EDEN HOLISTICS products.

50. On information and belief, in addition to its e-commerce sales through EdenHolistics.com, Defendant is selling its products through numerous retailers, including health food stores.

51. On information and belief, Defendant is using the EDEN HOLISTICS mark in the distribution, offering for sale, and sale of its wellness products, in interstate commerce and within the State of Nevada.

52. On information and belief, Defendant offers shipping of its products both within Nevada and throughout the United States.

**Prior Litigation and Defendants' Breach of the Settlement Agreement.**

53. Beginning in 2022, counsel for Plaintiff sent multiple correspondences to Eden Holistics, including a formal demand letter informing Eden Holistics of Plaintiff's use of and trademark rights in the EDEN family of marks, and informing Eden Holistics that its use of EDEN HOLISTICS is likely to cause consumer confusion with and infringes Eden Foods' protected family of EDEN trademarks ("Notice of Infringement"). The Notice of Infringement listed and discussed the relevance of the family of EDEN marks owned by Plaintiff and warned Eden Holistics that any continued sales will be viewed as both willful infringement of Eden Foods' registered trademarks and federal unfair competition under the Federal Trademark Act of 1946, as amended (the "Lanham Act"). The Notice of Infringement demanded that Eden Holistics cease all

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

current and planned use of EDEN HOLISTICS or any other mark using the EDEN formative. A copy of the Notice of Infringement is attached hereto as Exhibit B.

54. Mr. Fried responded to the Notice of Infringement, claiming that it could not infringe Plaintiff's rights unless Plaintiff's goods and services overlapped therewith. Counsel for Plaintiff responded, explaining that its claim that products must overlap for marks to be infringing has no basis in law, and providing further factual information to demonstrate the relatedness of the parties' products. Eden Holistics did not respond to this follow-up correspondence, and made no apparent alterations to its use of the EDEN and EDEN HOLISTICS marks.

55. Despite being notified in writing of Plaintiff's family of EDEN trademarks and a likelihood of confusion between Plaintiff's family of EDEN marks and the EDEN HOLISTICS mark, Eden Holistics continued to use the EDEN HOLISTICS mark in association with wellness products and continued to use the EDEN mark in its trade name.

56. Accordingly, on August 26, 2024, Plaintiff commenced an action in this Court alleging claims for trademark infringement, trade name infringement, and unfair competition against  Eden Holistics, Case No. 2:24-cv-01574-GMN-NJK ("First Litigation").

57. The First Litigation proceeded and the parties contemporaneously engaged in settlement discussions. Prior to trial, the parties reached an agreement resolving the dispute.  The parties' agreement was memorialized in a Settlement Agreement dated December 18, 2025.  A copy of the Settlement Agreement is attached hereto as Exhibit C.  Mr. Fried signed the Settlement Agreement on behalf of Eden Holistics.

58. On December 29, 2025, the Court entered a Stipulation and Order to Dismiss Without Prejudice.  A copy of the Stipulation is attached hereto as Exhibit D.

59. Pursuant to paragraph 1.a of the Settlement Agreement, Eden Holistics agreed to "permanently refrain from using[] the Eden Holistics Marks, any other EDEN formative mark, or any mark confusingly similar thereto, in association with consumable products—that is, products that are intended, marketed, or sold to be orally ingested, including (but not limited to) teas and supplement products—and retail or online sales of the same."

60. Pursuant to Paragraph 1.c. of the Settlement Agreement, Eden Holistics agreed that it may only use EDEN for goods and services intended, marketed, or sold to promote physical or mental wellness (excluding consumable goods, which are entirely prohibited by Paragraph 1.a.) if the term EDEN is immediately followed by the term HOLISTICS "in a similar font and comparable size font." Under this provision, Eden Holistics is prohibited from using EDEN as a standalone mark for any products or services intended, marketed, or sold to be used to promote physical or mental wellness.

61. Despite the express agreement reflected in the Settlement Agreement, Eden Holistics has continued to infringe on Plaintiff's trademarks in direct violation of the law and the parties' settlement agreement.

62. Specifically, Eden Holistics has breached Paragraphs 1.a and 1.c of the Settlement Agreement through the promotion and sale of consumable products, as well as use of the EDEN HOLISTICS mark with the term "holistics" in a markedly smaller size.

63. After Eden Holistics was contractually obligated to cease specific uses of EDEN HOLISTICS under the Settlement Agreement, Eden Foods identified the following examples and images from Eden Holistics' website (edenholistics.com), illustrating the ongoing infringement and breach by the company.[2]

64. On its homepage, Eden Holistics claimed to sell gummies, which are unquestionably edible, orally consumed products. This reference constituted use of the EDEN HOLISTICS mark for the promotion of consumable products in violation of Paragraph 1.a of the Settlement Agreement.

---

[2] The examples and images above are intended to illustrate the identified breaches, and should not be interpreted as the only violations by Defendant.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036



65.     As reflected in the image below, Eden Holistics is selling three different types of tinctures, all of which are intended for oral consumption. Though Eden Holistics disingenuously claimed on the website that it "market[s] and sell[s] [these products] for topical use only," in the same breath it touted the benefits of oral consumption. This constituted the sale of products for consumption prohibited by Section 1.a of the Settlement Agreement.

66.     The instructions for administration of the tincture products specifically directed taking the product by mouth and swallowing.



67.     Eden Holistics was also selling CBD dog treats, which are also consumable products intended to be ingested orally.



68.     On all of these products, and throughout its website, Eden Holistics displays a stylization of the EDEN HOLISTICS mark with the terms displayed in wildly different sizes, placing far greater emphasis on the term "Eden" than "holistics"—to the point that the term "holistics" is barely visible on certain products, as evidenced by the web site images below:

 

69.     On information and belief, Mr. Fried was and is responsible for all decision-making regarding Eden Holistics' product branding and marketing, and has participated in, authorized, and/or directed all product packaging, website content, and other promotional materials.

70.     On February 23, 2026, Plaintiff's counsel provided notice of the breach of the Settlement Agreement to Defendants.  A copy of the February 23, 2026 Notice is attached hereto as Exhibit E. Plaintiff sent the notice by UPS overnight delivery to the address specified in Settlement Agreement, in accordance with the Settlement Agreement's notice provisions. Plaintiff also sent the notice via email to both Eden Holistics (at an email address from which Mr. Fried had corresponded with Plaintiff's counsel previously) and Eden Holistics' counsel of record in the First Litigation.

71.     On February 25, 2026, Plaintiff's counsel received notice from UPS that Eden Holistics was not located at the address provided in the Settlement Agreement. This notice is attached as Exhibit F. On March 2, 2026, counsel for Plaintiff reached out to Mr. Fried via email regarding the incorrect physical address, and requesting confirmation that he had received Plaintiff's notice of breach. Mr. Fried never responded.

72.     Having received no response from Mr. Fried, Plaintiff followed up with Eden Holistics' counsel to ensure receipt of the notice and inquire regarding compliance. Email exchanges between counsel for the parties followed (attached hereto as Exhibit G), in which opposing counsel made vague representations that Eden Holistics was working toward compliance.

**Wiley Rein LLP**
2050 M St NW
Washington, DC  20036

73.    After numerous messages from Plaintiff's counsel, Defendants' counsel responded, claiming that certain changes had been made to the website, and that "the breache[s] ref[er]enced in your letter have been cured." This email is attached as Exhibit H. However, all changes appear to be cosmetic changes to the website only.

74.    There have been no apparent changes to the product packaging that displays the EDEN HOLISTICS mark in a stylization that is prohibited by the Settlement Agreement, which places far greater emphasis on Eden Foods' registered EDEN mark than the HOLISTICS element, to the point that HOLISTICS is barely visible on product packaging.

75.    Further, while references to the statements about gummies and "reported benefits" to oral administration have been removed,  there have been no apparent changes to the products themselves, which were clearly designed and previously marketed for oral consumption, and in fact are still identified on the website as "Ingestible."



**Wiley Rein LLP**
2050 M St NW
Washington, DC  20036

76.    Defendants' website also describes the side effects as "[D]ry mouth, drowsiness, or digestive discomfort"—further suggesting intended oral consumption.



77.    The current website at EdenHolistics.com also refers to Eden Holistics merely as "Eden," in violation of Paragraph 1.c of the Settlement Agreement (e.g., on the product pages, encouraging visitors to "Join the Eden community . . . ."

78.    Defendants' counsel has attempted to claim that the breaches and ongoing infringement were mere "oversites [sic] and not intentional breaches." The foregoing history belies that claim, and demonstrates that Defendants' ongoing use of EDEN HOLISTICS is willful infringement. Through years of correspondence and litigation, Plaintiff made it extraordinarily clear what its trademarks are, and what constitutes infringement thereof. Indeed, the Settlement Agreement spelled out, in detail, the parameters of usage that was likely to cause consumer confusion, and prohibited Defendants from taking such actions. Instead of abiding by those clear parameters, Defendants ignored them and/or undertook gamesmanship and wordplay in an ineffectual attempt to avoid them. That underhanded behavior continues, through Defendants' claim through counsel that its tinctures are "specifically indicat[ed] . . . for topical use only," when the actual product is undoubtedly intended for oral consumption and specifically identified as "ingestible."

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

79. Further, Defendants' actions confirm that they never intended to comply with the Settlement Agreement. Not only did Eden Holistics repeatedly breach the agreement, it provided false or faulty contact information to receive notice of any breaches, and failed respond to Plaintiff's repeated attempts to reach it during the cure period. Only after being presented with a draft complaint did counsel respond with demonstrably false claims that the breaches had been cured.

<u>COUNT I – BREACH OF CONTRACT</u>
<u>(Against Eden Holistics)</u>

80. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

81. The Settlement Agreement is a binding and enforceable agreement between Plaintiff and Defendant.

82. The Settlement Agreement imposed binding legal obligations on Eden Holistics, including but not limited to refraining from using Plaintiff's marks in an infringing manner.

83. Plaintiff has complied with the terms of, and fully performed all of its material obligations under, the Settlement Agreement.

84. Eden Holistics is breaching the Settlement Agreement by its wrongful use of Plaintiff's marks.

85. As a proximate result of Eden Holistics' breaches of the Settlement Agreement, Plaintiff is suffering, and is continuing to suffer, harm.

86. Pursuant to Paragraph 13.A of the Settlement Agreement, the parties agreed that in "the event of any material breach of this Agreement, the Parties agree that the non-breaching party will have suffered irreparable injury and will be entitled to injunctive relief enjoining the breaching Party from any future breach of this Agreement, together [with] any other relief available at law or in equity."

-18-

COUNT II - TRADEMARK INFRINGEMENT
(Against Eden Holistics and Mr. Fried)

87.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

88.     As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts of trademark infringement under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

89.     Plaintiff is the owner of common law and statutory trademark rights in an EDEN family of marks, including the marks EDEN, EDEN FOODS, EDENSOY, EDENEWS, EDEN STORE, and EDEN ORGANICS, and as reflected in the registrations included in Exhibit A.

90.     Plaintiff's trademark rights have priority over any potential rights owned by Defendant in the EDEN HOLISTICS mark, by virtue of Plaintiff's dates of first use and dates of application for registration of its EDEN family of marks, which predate any use of EDEN HOLISTICS by Defendants.

91.     At Mr. Fried's direction and/or with his authorization and/or participation,  Eden Holistics' use of the marks EDEN and EDEN HOLISTICS to market and sell wellness products, including its edible and potable products, in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Eden Holistics' products are in some way sponsored or approved by, or otherwise affiliated or connected with Plaintiff.

92.     Defendants' use of the marks EDEN and EDEN HOLISTICS accordingly infringes Plaintiff's rights in the mark EDEN, alone and in combination with other words and designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

93.     Defendants' continued use of the EDEN and EDEN HOLISTICS marks in the manner hereinabove alleged, in the face of actual knowledge of Plaintiff's family of EDEN trademarks and with no defense to infringement that has a reasonable basis in either fact or law, makes Defendants willful infringers.

Wiley Rein LLP
2050 M St NW
Washington, DC  20036

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

94. Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's EDEN marks in various forms, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

### COUNT III - UNFAIR COMPETITION
(Against Eden Holistics and Mr. Fried)

95. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

96. As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and at common law.

97. At Mr. Fried's direction and/or with his authorization and/or participation, Eden Holistics' use of the marks EDEN and EDEN HOLISTICS in connection with wellness products in the manner hereinabove alleged constitutes a violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1) in that Defendants' use of the trademark EDEN HOLISTICS is likely to cause confusion, to cause mistake, and/or to deceive the public as to an affiliation, connection, or association between Eden Holistics and Plaintiff, and as to the origin, sponsorship, and/or approval of Eden Holistics' wellness products by Plaintiff.

98. The nature and probable tendency and effect of Defendants' use of the trademark EDEN HOLISTICS in the manner hereinabove alleged is to enable Defendants to confuse or deceive the public and others by misrepresenting that Eden Holistics' products are in some way sponsored or approved by Plaintiff and/or that Eden Holistics is affiliated with Plaintiff and therefore constitutes unfair competition at common law.

99. Unless enjoined by this Court, Defendants will continue said acts of unfair competition, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

COUNT IV - TRADE NAME INFRINGEMENT
(Against Eden Holistics and Mr. Fried)

100.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

101.    As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in trade name infringement at common law.

102.    Plaintiff has continuously used EDEN FOODS as a trade name in connection with food and beverage products and related services since at least as early as 1967, long prior to the acts of the Defendants complained of herein.

103.    As a result of the substantial and extensive advertising and sales of food and beverage products under the trade name EDEN FOODS and Plaintiff's maintenance of premium quality standards relating thereto, said trade name has become famous and is well and favorably known as a famous and distinctive indication of origin of the food and beverage products sold by Plaintiff and as a symbol of the highest quality products.

104.    Defendant's use of the trademark EDEN HOLISTICS, at the direction of Mr. Fried and/or with his authorization and/or participation, in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Eden Holistics and its products offered under said mark are in some way sponsored or approved by, or are otherwise affiliated or connected with, Plaintiff and thus infringes the trade name EDEN FOODS at common law.

105.    Unless enjoined by this Court, Defendants will continue to infringe the trade name EDEN FOODS, thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which it has no adequate remedy at law.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

COUNT V – ACCOUNTING
(Against Eden Holistics)

106. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

107. In light of Defendants' misconduct, including its willful violation of Plaintiff's protected trademark rights and its breach of the Settlement Agreement, the Court should order an accounting of Eden Holistics' finances, including any information concerning the sales of the infringing products.

108. Plaintiff requires such accounting to determine the full extent of harm caused by Defendants arising from their wrongful conduct.

109. This information is in the exclusive control of Defendants and otherwise unavailable to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that:

(1) The Court enter judgment in favor of Plaintiff finding that Eden Holistics has breached the parties' Settlement Agreement and (a) enter an injunction enjoining future breach of the Settlement Agreement, including future infringement of Plaintiff's marks; and (b) awarding damages in favor of Plaintiff and against Defendants in an amount to be determined at trial.

(2) The Court order an accounting of Eden Holistics' finances, including any information concerning the sales of the infringing products.

(3) The Court enter judgment in favor of Plaintiff that Defendants have infringed the trademark EDEN, alone and in combination with other words and/or designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law; has engaged in acts of unfair competition in violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and the common law; has infringed the trade name EDEN FOODS at common law; and has otherwise injured Plaintiff's business reputation by using the mark EDEN HOLISTICS in the manner complained of herein.

(4)    Defendants and each of their respective principals, owners, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(a)    Using the marks EDEN, EDEN HOLISTICS and/or any other trademark, service mark, trade name, corporate name, domain name, social media presence, or other commercial indication of origin that consists of or incorporates the word EDEN or any other trademark, service mark, trade name, corporate name, domain name, social media presence, and/or other commercial indication of origin that is confusingly similar to EDEN;

(b)    Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

(c)    Otherwise infringing the family of EDEN trademarks and the trade name EDEN FOODS; and

(d)    Filing any application in the U.S. Patent and Trademark Office to register any trademark or service which includes the word EDEN or any other word confusingly similar thereto.

(5)    Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendants be directed to deliver up for destruction or other disposition by Plaintiff all advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms, and all other materials in the possession, custody, or under the control of Defendants that bear or are labeled with the trademark EDEN HOLISTICS and/or the tradename EDEN HOLISTICS, whether alone and in combination with other words.

(6)    Defendants be required to transfer control of the EdenHolistics.com domain to Plaintiff.

(7)    Defendants be required to pay to Plaintiff both the costs of this action and, in view of the exceptional nature of this case, Plaintiff's reasonable attorneys' fees in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117.

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

-23-

(8)     Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

Date: May 27, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

 /s/ *Chad C. Butterfield*

Chad C. Butterfield, Esq.
Nevada Bar No. 10532
300 South Fourth Street, Suite 900
Las Vegas, NV 89101
Telephone: 702.921-2460
Facsimile: 702.921-2461
Email: chad.butterfield@jacksonlewis.com

**WILEY REIN LLP**
Christopher Kelly
Adrienne J. Kosak
Rebecca L. Saitta
2050 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email:  ckelly@wiley.law
          akosak@wiley.law
          rsaitta@wiley.law

*Attorneys for Plaintiff Eden Foods, Inc.*

**Wiley Rein LLP**
2050 M St NW
Washington, DC  20036

4931-7311-8382.3

-24-