# Exhibit C

## AGREEMENT

This Agreement is hereby executed and made effective as of the date of full execution ("Effective Date"), by and between:

**EDEN FOODS, INC.,** a Michigan corporation located and doing business at 701 Tecumseh Road, Clinton, Michigan 49236 ("Eden Foods"); and **EDEN HOLISTICS LLC,** a Nevada limited liability company located and doing business at 6290 McLeod Drive, #110, Las Vegas, Nevada, 89120 ("Eden Holistics") (collectively, the "Parties," individually, a "Party").

WHEREAS, Eden Foods has used the EDEN mark in commerce for over 50 years in association with broad food- and beverage-related products and services, and is the owner of all right, title and interest in and to a family of marks containing the term "EDEN" in the United States (the "Eden Foods Marks"), including but not limited to the marks registered under U.S. Registration Nos. 1,440,754; 1,452,337; 1,862,634; 2,229,053; 2,272,652; 2,503,977; 2,905,671; 2,977,773; 3,071,337; 3,102,575; 4,065,063; 4,171,490; 4,264,567; 4,264,570; 4,272,392; 4,272,393; 4,336,312; 4,431,041; 5,189,572; 5,189,573; 5,608,452; 6,138,923; and 6,637,479 (the "Eden Foods Registrations").

WHEREAS, Eden Holistics is using the marks EDEN and EDEN HOLISTICS to market products including teas and supplements, as well as retail sales for the same (the "Eden Holistics Marks").

WHEREAS, Eden Foods filed an action on August 26, 2024 against Eden Holistics in the U.S. District Court for the District of Nevada, alleging trademark and trade name infringement, as well as unfair competition (the "Civil Action").

WHEREAS, the Parties desire to settle their dispute pursuant to the terms and conditions set forth below.

NOW, THEREFORE, for the mutual promises contained herein, and for other good and valuable consideration the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. **LIMITATIONS ON USE.**

   a. Within thirty (30) days of the Effective Date, Eden Holistics will cease use of, and thereafter will permanently refrain from using, the Eden Holistics Marks, any other EDEN formative mark, or any mark confusingly similar thereto, in association with consumable products—that is, products that are intended, marketed, or sold to be orally ingested, including (but not limited to) teas and supplement products—and retail or online sales of the same.

   b. Within thirty (30) days of the Effective Date, Eden Holistics will cease use of, and thereafter will permanently refrain from using, the Eden Holistics Marks, any other EDEN formative mark, or any mark confusingly similar thereto, in association with any products or services, in stylizations the

same as or confusingly similar to those owned and used by Eden Foods, as depicted in Exhibit A.

c. Eden Holistics will permanently refrain from using EDEN as a standalone mark for any products or services intended, marketed, or sold to be used to promote physical or mental wellness. Whenever using the EDEN formative for products or services intended, marketed, or sold to be used to promote physical or mental wellness, the term EDEN will be immediately followed by the term HOLISTICS or the terms the GARDEN by EDEN HOLISTICS in a similar font and comparable size font. For the avoidance of doubt, in the context of a logo (i.e., not in the context of plain text identification of the entity), the term HOLISTICS may also appear immediately below the term EDEN. This subsection addresses only those uses that are not prohibited by subsections (a) and (b), and should not be interpreted to permit any use that is otherwise prohibited by the terms of this Agreement.

**2.  LIMITATIONS ON TRADEMARK REGISTRATIONS**. Eden Holistics will permanently refrain from filing any applications, or otherwise acquiring any applications or registrations, for the Eden Holistics Marks, any other EDEN formative mark, or any mark confusingly similar thereto.

**3.  NO CHALLENGE TO VALIDITY**. Eden Holistics will not at any time challenge, or assist others in challenging, Eden Foods' use of and right, title, and interest in and to its family of EDEN trademarks, including the Eden Foods Marks, or the validity thereof or any registration thereof or application for registration thereof, or to cause to be done or omit to do anything which would contest or in any way impair or tend to impair the rights of Eden Foods in its family of EDEN trademarks.

**4.  COOPERATION TO AVOID FUTURE CONFUSION.** To the extent the Parties encounter actual confusion between the Eden Foods Marks and the Eden Holistics Marks, the Parties will cooperate in good faith to ameliorate such confusion, including, as necessary, corrective advertising.

**5.  DISMISSAL OF THE CIVIL ACTION**. Within ten (10) days of the Effective Date, Eden Foods will make filings necessary to dismiss the Civil Action without prejudice. Eden Holistics consents to this dismissal, and will execute any documents required by the Court to effectuate dismissal without prejudice.

**6.  FORBEARANCE FROM SUIT**. Provided that Eden Holistics is in full compliance with the terms of this Agreement, Eden Foods will permanently refrain from initiating any legal proceeding based on Eden Holistics' use of the Eden Holistics Marks in association with topical products—that is, products that are intended, marketed, or sold to be applied externally, and are not suitable for oral ingestion—and retail or online sales of the same.

**7.  FURTHER ASSURANCES.** The Parties agree to cooperate fully in the execution of any documents or performance of any duties which may be reasonably necessary to carry out the purpose and intent of this Agreement.

8.    **SUCCESSORS AND ASSIGNS**. This Agreement will extend to, inure to the benefit of, and be binding upon the Parties and their respective members, directors, officers, partners, proprietors, attorneys, agents, servants, employees, representatives, affiliates, subsidiaries, shareholders, predecessors, and successors and assigns.

9.    **ENTIRE AGREEMENT**. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral, relating to such subject matter. This Agreement may not be altered, amended, modified, or otherwise changed in any respect except by an instrument in writing duly executed by authorized representatives of each of the Parties hereto. No Party is relying on any promise, representation, or statement not specifically contained within this Agreement, and no Party specifically is relying on any statement, representation, or promise of another party in executing this Agreement, or in making the settlement provided for herein, except as expressly stated herein.

10.    **REPRESENTATION**. The Parties each acknowledge that, in executing this Agreement, they carefully reviewed or had the opportunity to review its terms with counsel if so chosen, they have read the entirety of this Agreement, and fully understand the terms and conditions of this Agreement.

11.    **JOINT DRAFTING**. This Agreement will be deemed to have been drafted jointly by the Parties.

12.    **BREACH AND NOTICE OF BREACH**. In the event that either Party believes the other Party has breached any provision of this Agreement, the non-breaching Party shall provide the alleged breaching Party with written notice describing the nature and specific details of the alleged breach ("Notice of Breach"). The Notice of Breach must be delivered in accordance with the notice provisions set forth in this Agreement. Upon receipt of the Notice of Breach, the alleged breaching Party shall have thirty (30) days from the date of receipt to cure the breach to the reasonable satisfaction of the non-breaching Party. If the alleged breach is not cured within such thirty (30) day period, the non-breaching Party may pursue any remedies available under this Agreement or at law or in equity.

**Notice Will Be Provided By Certified Mail or Over Night Delivery As Follows**:

Notice to Eden Holistics:

Eden Holistics LLC
6290 McLeod Dr. #110
Las Vegas, Nevada 89120
Attn: Richard Fried

With a Copy To:

H. Stan Johnson, Esq.
Cohen Johnson LLC
375 E warm Springs Road, Suite 104

3

Las Vegas, Nevada 89119

Notice to Eden Foods:

Michael Potter
President, Eden Foods, Inc.
701 Tecumseh Road
Clinton, Michigan 49236

Christopher Kelly
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036
ckelly@wiley.law

## 13.    DISPUTES AND INTERPRETATION.

A.    *Breach or Default.* Nothing in this Agreement will be construed so as to impair any legal or equitable right of any Party to enforce any of the terms of this Agreement by any means, including without limitation, an action for damages or a suit to obtain specific performance of any or all of the terms of this Agreement. In the event of any material breach of this Agreement, the Parties agree that the non-breaching Party will have suffered irreparable injury and will be entitled to injunctive relief enjoining the breaching Party from any future breach of this Agreement, together any other relief available at law or in equity.

B.    *Governing Law.* This Agreement and all actions for the breach thereof will be governed, construed, and interpreted in accordance with the laws of the State of Michigan without regard to or application of choice of law rules or principles. The Parties further acknowledge and agree that any non-contractual cause of action that a Party may assert, including but not limited to, trademark infringement, trademark dilution, passing off, false designation of origin, unfair competition and other non-contractual causes of action, will be governed by U.S. federal law and the law of the State of Michigan.

14.    **COSTS AND ATTORNEYS' FEES**. Each Party agrees that it will bear its own costs and attorneys' fees associated with the substance of this Dispute and its amicable resolution through this Agreement.

15.    **RELEASE.** The Parties to this Agreement, for themselves and their respective assigns/successors/predecessors in interest, shareholders, officers, directors, personal representatives, members, managers, joint venturers, heirs, executors, insurers, lenders, employees, agents, attorneys, all in their individual and corporate capacities, parent corporations, subsidiaries, affiliates, incorporated and unincorporated divisions and subsidiaries, jointly and severally, do hereby release, acquit, satisfy and forever discharge the other Party and each of their assigns, successors, predecessors in interest, shareholders, officers, directors, personal representatives, members, managers, joint venturers, heirs, executors, insurers, lenders, employees, agents, attorneys, all in their individual and corporate capacities, parent corporations,

4

subsidiaries, affiliates, incorporated and unincorporated divisions and subsidiaries, of and from any and all manner of action and actions, cause and causes of action, accounts, attorney fees, bonds, bills, claims, commissions, contracts, controversies, costs, covenants, damages, debts, demands, dues, executions, expenses, judgments, liabilities, losses, promises, reckonings, rights, specialities, suits, trespasses, variances, wages, whatsoever, in law or in equity, that are related to or arise from the circumstances giving rise to the Dispute, which such Party ever had, now has, hereafter can, will or may have, up to the Effective Date. The foregoing release is conditioned upon the released Party's full compliance with the terms and conditions of this Agreement.

16.   **REPRESENTATION AS TO AUTHORITY**. The Parties represent and warrant that they have the sole right and exclusive authority to execute this Agreement and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any interest, right, claim or demand, or portion thereof, relating to any matter in this Agreement.

17.   **SEVERABILITY**. If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, such determination will not affect the validity of the remaining provisions.

18.   **HEADINGS**. The paragraph headings contained in this Agreement are provided for convenience only and will not be considered in the interpretation and construction of this Agreement.

19.   **WAIVER**. The failure of any Party at any time or times to demand strict performance by the other Party of any of the terms or conditions of this Agreement will not be construed as a permanent or continuing waiver or relinquishment thereof and each may at any time demand strict and complete performance by the other of said terms and conditions.

20.   **EXECUTION**. This Agreement may be executed in one or more counterparts, each of which will constitute an original and all of which taken together will constitute one and the same Agreement. A facsimile of an original signature on this Agreement will be deemed an original signature.

**[SIGNATURES ON FOLLOWING PAGE]**

FOR EDEN FOODS, INC.:

FOR EDEN HOLISTICS LLC:

By: _____

Date: ___12-18-25___

Michael J. Potter
President and CEO

By: _____

Date: _11/25/25_

Richard Fried

p. 6 of 6

**EXHIBIT A**





